Evans, J.
dissenting. In this case, I differ from the opinion just read; less, perhaps, in the general conclusion, than what seems to be the scope of the argument. I agree with what was said by Judge Nott, I think, in Ward ads. Byrd, that these pre *176 tended loans are mere devices to protect the property against the debts of the donee. I have carried out my opinion on that subject, by a new trial in the case of Ford vs. Aiken, just decided. I have always supposed there was a just ground to distinguish between the claims of existing and subsequent creditors. If a gift be made with a fraudulent intent, it is void against all persons defrauded by it, whether their debts are precedent or subsequent.' This is by the statute of Eliz. as well as by the common law. But in the absence of all intention to defraud, a man may dispose of his own at pleasure, provided another is not defrauded. If a parent give to his child all, or a portion of his property, this is a good gift. But if he be in debt at the time, such gift would be void, unless he reserved sufficient to pay his debts. So, also, if one man gave to "another the apparent ownership of a chattel, and thereby enabled him to obtain a credit on the faith that he was owner, this should subject the property to the payment of the debt. Both these latter classes of cases go on the fact that the creditor has been defrauded, without reference to the intention; whilst the first is declared void on account of the fraudulent intent. In Archer vs. McFall, I attempted to define, more clearly than had’ been before done, the difference between the rights of existing and subsequent creditors. In relation to the principles involved in that case, 1 have no doubt they will stand the test of the strictest scrutiny, and will be found to accord with well settled principles. The foundation of the principle is, that by reason of apparent ownership, a credit had been given, or, in other words, the creditor had been deceived. Now it was certainly an element of that inquiry, whether the creditor did, in fact, know that the debtor was in possession of the property. For a man can no more be deceived by what he does not know, than by what does not exist. It is certain that if he did know that the possession of his debtor was not in his own right, he cannot complain that he has been defrauded. But as it might be too much to require of him to prove that he did not know, it may be more just and proper to throw the onus on the other side; and this, I suppose, was all that this case was in *177 tended to decide. If more is intended, then I dissent. I do not propose to go into any inquiry into the various mutations which the opinion of the Court or of the members of it have undergone. If it he supposed that the case of Byrd vs. Ward contains any thing which favors the notion that a certain state of facts will amount to fraud per se, I think it will he found to be a mistake; or even if Judge Nott entertained any such notion, it is clear that his brethren, Colcock and Johnson, did not; for such a notion is utterly inconsistent with what they have severally said, in the cases of Reeves vs. Harris and Terry vs. Belcher, 1 Bail. 563, 568. In the second opinion, by Harper, in Smith vs. Henry, (1) this doctrine is restricted to what '¿vine's case, (2) and Edwards vs. Harben, 2 T. R. 58, one indebted to many, prefers one creditor, raidma stipulation ihat he should be allowed to retain possession qf'|Ii&hp'rdpífefty, is a fraud. Since that time, the tendency 1ms been in a contrary direction.
In Twine’s case, certain facm a'jeMmhrerated/hs badges of fraud. By badges of fraud, I mdsjgía^/évidences of fraud, and not fraud per se. Indeed, it seems to me impossible, in the nature of things, that any certain legal rules can be laid down. No two cases are exactly alike, and, of course, the conclusion must be left to the jury to decide: — 1st. Whether fraud was intended ; and 2d. Whether any one was defrauded. If these are questions of law, then the Court should decide them; and, of course, a nonsuit should be ordered, instead of sending the case to the jury, to register, by their verdict, the conclusion of law; and yet, I believe there is no case where this has been done.

Motion granted.